IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LANICE BONDS, # 295612,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v.    ) | Civil Action No. 1:16cv833-ECM |
| ) | [WO] |
| CHRISTOPHER GORDY, *et al.,*    ) | |
| ) | |
| Respondents.    ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Lanice Bonds ("Bonds). Doc. 1.[1]

## I.   BACKGROUND AND PROCEDURAL HISTORY

On June 9, 2014, Bonds pleaded guilty in the Houston County Circuit Court to the charge of being a school employee who engaged in a sex act with a student under the age of 19 years, in violation of § 13A-6-81, Ala. Code 1975. Doc. 8-2 at 40–59. On July 21, 2014, the trial court sentenced Bonds to 10 years in prison. Doc. 8-2 at 63–74.

Bonds appealed, arguing he was not a "school employee," as that term is used in § 13A-6-81, Ala. Code 1975. Doc. 8-3. Bonds reserved his right to appeal this issue before entering his guilty plea. He had raised the issue in a motion to dismiss the indictment, which the trial court denied after a hearing. *See* Doc. 8-1 at 119–226; Doc. 8-2 at 2–40.

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

In an opinion entered on September 18, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. *Bonds v. State*, 205 So. 3d 1270 (Ala. Crim. App. 2015); *see* Doc. 8-4. In holding that Bonds was a school employee within the meaning of § 13A-6-81, the Alabama Court of Criminal Appeals stated:

> As noted above, Bonds was convicted for a violation of § 13A-6-81, Ala. Code 1975. That section provides, in relevant part:
>
>> "(a) A person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student, regardless of whether the student is male or female. Consent is not a defense to a charge under this section."
>
> The legislature has not specifically defined "school employee" in the context of § 13A-6-81, but § 13A-6-80 lists persons considered to be "school employees" for purposes of § 13A-6-81. Section 13A-6-80, Ala. Code 1975, provides: "For purposes of this article, school employee includes a teacher, school administrator, student teacher, *safety or resource officer*, coach, and other school employee" (emphasis added). Bonds concedes that he was a "resource officer." (*See, e.g.,* Bonds's brief, p. 14 ("It cannot be disputed that [Bonds] was a school resource [sic] at Dothan High School. . . .").) Thus, a simple reading of § 13A-6-80 indicates that, because of his position as a "resource officer" assigned to Dothan High School, Bonds was a "school employee" under § 13A-6-81.
>
> In addition to Bonds's concession that he was a "resource officer," the evidence presented at the hearing on the motion to dismiss consistently refers to Bonds as a resource officer or school-resource officer. Even so, Bonds urges this Court to go beyond the language of the relevant statutes and to construe that language in light of the terms of his particular employment arrangement with the Dothan Police Department. Bonds argues that the evidence from the hearing on the motion to dismiss established that he was solely an employee of the Dothan Police Department and not of the Dothan Board of Education or Dothan High School. Under Bonds's reading of the relevant statutes, his title as a "resource officer" is irrelevant; rather, the relevant inquiry is whether the school was actually responsible for paying his

2

wages and ultimately had the authority to control his job duties as a resource officer.

The first problem with Bonds's interpretation of the relevant statutes, however, is that, as noted above, his job title—"resource officer"—is specifically included in the list of persons in § 13A–6–80. The phrase "school employee includes" followed by several job titles in § 13A-6-80 indicates a nonexhaustive list of positions the legislature has declared to be "school employees" for purposes of Title 13A, Chapter 6, Article 4A. The examples listed in § 13A-6-80 include positions such as "student teacher" and "coach," which might not meet a traditional test for employment because, depending on the circumstances, those positions might be volunteer, unpaid, or ultimately not controlled by a particular school's administration. Accordingly, § 13A-6-80 is a clear expression by the legislature that the term "school employee" in Title 13A, Chapter 6, Article 4A, is not limited to those persons who meet a traditional, technical definition of employment by a school's administration, such as the definition Bonds urges upon this Court. As the Alabama Supreme Court has stated:

> "'In another context, this Court explained that the word "'including' is *not to be regarded as limitational or restrictive*, but merely as a particular specification of something to be included or to constitute a part of some *other* thing." *Sims v. Moore*, 288 Ala. 630, 635, 264 So.2d 484, 487 (1972) (emphasis added). "'Including' is not a word of limitation, rather it is a word of *enlargement*, and in ordinary significance also may imply that *something else has been given beyond the general language which precedes it*." *Id*. (emphasis added).'"

*Bon Harbor, LLC v. United Bank*, 53 So.3d 82, 93 (Ala. 2010) (quoting *Southeastern Meats of Pelham, Inc. v. City of Birmingham*, 895 So.2d 909, 913 (Ala. 2004)). *Cf.* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 132 (2012) ("[T]he word *include* does not ordinarily introduce an exhaustive list. . . .").

The second problem with Bonds's interpretation is that it renders § 13A-6-80 unnecessary. If a "school employee" is simply a "school employee," we question why the legislature would deem it necessary to provide examples in § 13A-6-80. *Cf.* § 13A-1-6, Ala. Code 1975 ("All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in Section 13A-1-3."); *see also Hatcher v. Diggs*, 76 Ala. 189, 193 (1884) ("Some effect must be allowed to every word, or phrase, and

3

> such interpretation adopted, if reasonable, that no word or phrase will be repugnant to any other provision, or be unnecessary and superfluous. Says Lord Coke: 'The good expositor makes every sentence have its operation to suppress all the mischiefs; he gives effect to every word in the statute; he does not construe it so that any thing should be vain and superfluous, nor yet makes exposition against express words.'").
>
> Adopting Bonds's interpretation—and rendering § 13A-6-80 superfluous—would lead to yet another problem: Thwarting a manifest purpose of § 13A-6-81. Section 13A-1-3, Ala. Code 1975, provides: "The general purposes of the provisions of this title are: (1) To proscribe conduct that unjustifiably and inexcusably causes or threatens substantial harm to individual and/or public interests. . . ." At a minimum, § 13A-6-81 seeks to prevent those persons holding positions of authority or influence at a school from having sex with students. Here, the evidence indicated that Bonds had been a resource officer at multiple schools. He wore his police uniform to his job at the school and worked at special school events. He even had an office at the school—where he took the victim in this case and had sex with her on his desk. Bonds's reading of the relevant statutes would thwart their purpose, and we reject it. *Cf*. Scalia & Garner, *Reading Law* 63 ("A textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored. . . . The presumption against ineffectiveness ensures that a text's manifest purpose is furthered, not hindered.").

*Bonds v. State*, 205 So. 3d 1270, 1273–76 (Ala. Crim. App. 2015) (footnotes omitted).

Bonds applied for rehearing, which the Alabama Court of Criminal Appeals overruled. Docs. 8-5 & 8-6. On April 22, 2016, the Alabama Supreme Court denied his petition for writ of certiorari. *See* Docs. 8-6 to 8-8.

On November 15, 2016, Bonds initiated this federal habeas action by filing a § 2254 petition in which he pursues the claim he litigated in the state courts, i.e., that he was not a school employee, as the term is used in § 13A-6-81, and thus the trial court erred in denying his motion to dismiss the indictment. *See* Docs. 1 & 2. As discussed below, and as argued by the Respondents, because Bonds's claim questions the state courts' construction of a state criminal statute, he presents no basis for federal habeas corpus relief. Therefore, the

Magistrate Judge finds that Bonds's § 2254 petition should be denied without an evidentiary hearing.

## II. DISCUSSION

In affirming Bonds's conviction for being a school employee who engaged in a sex act with a student under the age of 19 years, the Alabama Court of Criminal Appeals rejected Bonds's argument that he was not a school employee, as that term is used in the statute under which he was convicted, § 13A-6-81, Ala. Code 1975. In his § 2254 petition, Bonds reasserts his argument that he did not meet the statute's definition of school employee.

Bonds's claim is beyond this court's consideration, because it seeks to overturn the Alabama Court of Criminal Appeals' interpretation of § 13A-6-81. The court is not empowered to do this because "state court construction of state law is binding on federal courts entertaining petitions for habeas relief." *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988) (quoting *Tyree v. White*, 796 F.2d 390, 392–93 (11th Cir. 1986)). *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Pulley v. Harris*, 465 U.S. 37, 42 (1984) (perceived error of state law provides no basis for federal habeas relief); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (citations omitted) ("It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983) ("A state's

interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

Here, Bonds claimed no violation of any federal constitutional right in his state court proceedings. When arguing his motion to dismiss the indictment, and on appeal from the trial court's denial of that motion, Bonds did not present his claim as a constitutional issue or allege a federal constitutional violation. His arguments never mentioned a violation of any federal constitutional right and cited only state court cases, none of which cited any federal cases or constitutional provisions. *See* Doc. 8-1 at 119–226; Doc. 8-2 at 2–40; Doc. 8-3. The same is true of Bonds's § 2254 petition. By arguing in his petition only that the term "school employee" as used for his conviction under § 13A-6-81 was improperly interpreted by the Alabama courts, Bonds fails to assert a violation of a federal right. A federal habeas court does not sit as a court of appeals to review any error allegedly committed by the state courts. *See Estelle v. McGuire*, 502 U.S. 62, 68–72 (1991). Federal habeas relief is available only if a petitioner alleges and proves that his conviction contravenes federal law. *See Pulley*, 465 U.S. at 42.

Seeking to overcome this obstacle, Bonds contends in his reply to the Respondents' answer that his arguments in the state courts regarding whether he was a school employee within the meaning of § 13A-6-81 implicitly presented the state courts with a claim that the indictment charging him with violating that statute failed to give him sufficient notice of the crime for which he was charged, in violation of "the due process notice required pursuant to the 5th and 6th Amendments of the United States Constitution." Doc. 12 at 3. But no fair reading of the arguments Bonds presented to the state courts supports a finding

6

that the state courts were alerted to the idea that Bonds was asserting a claim that his indictment failed to give him sufficient notice of the crime for which he was charged in violation of the Fifth and Sixth Amendments' due process requirements. Bonds's failure to allege and prove a violation of a federal right precludes habeas relief in his case.

Even if, for the sake of argument, Bonds can be considered to have presented a federal constitutional claim that was adjudicated on the merits in the state courts, he is not entitled to federal habeas relief, because the state court decision finding Bonds to be a "school employee," as that term is used in § 13A-6-81, was neither an unreasonable application of clearly established federal law nor based on an unreasonable determination of the facts. To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor,* 529 U.S. 362, 404–05 & 412–13 (2000). At the hearing on Bonds's motion to dismiss the indictment, the State presented evidence that Bonds—despite not having an employment contract with the Dothan Board of Education or taking a salary from the Board—had a position as a resource officer, or school-resource officer, at Dothan High School. In his brief filed on direct appeal, Bonds conceded he was a resource officer at the high school. As the Alabama Court of Criminal Appeals noted in its opinion affirming Bonds's conviction, § 13A-6-80, Ala. Code 1975, specifically lists

"safety or resource officer" among those persons considered to be "school employees" for purposes of § 13A-6-81.

Section 2254(d) of the habeas statute requires a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation and quotation marks omitted). The claim in Bonds's § 2254 petition is due to be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2254 petition be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **February 25, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 11th day of February, 2019.

                           /s/ Stephen M. Doyle
                           STEPHEN M. DOYLE
                           UNITED STATES MAGISTRATE JUDGE